IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| INTERFACE, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. |
| | ) | 4:05-CV-0189-HLM |
| SHAW INDUSTRIES, INC., *et al.*, | ) | |
|     Defendants. | ) | |
| INTERFACE, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. |
| | ) | 4:05-CV-0190-HLM |
| MOHAWK INDUSTRIES, INC., *et al.*, | ) | |
|     Defendants. | ) | |
| INTERFACE, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. |
| | ) | 4:05-CV-0191-HLM |
| COLLINS & AIKMAN FLOOR COVERINGS, INC., *et al.*, | ) | |
|     Defendants. | ) | |
| COLLINS & AIKMAN FLOORCOVERINGS, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. |
| | ) | 4:05-CV-0133-HLM |
| INTERFACE, INC., | ) | |
|     Defendant. | ) | |

**INTERFACE'S OPPOSITION TO
DECLARATORY JUDGMENT PLAINTIFFS' JOINT MOTION FOR
LEAVE TO FILE A JOINT CONSOLIDATED BRIEF ON CLAIM
CONSTRUCTION ISSUES PERTAINING TO '656 PATENT AND TO SET
60 PAGE LIMIT THEREFORE**

1

Collins & Aikman, Mohawk and Shaw (the "Accused Infringers") have sought permission to file a consolidated claim construction brief and for it to be 60 pages long – 35 pages longer than permitted under the local rules.  That the Accused Infringers can file a *consolidated* claim construction brief is self-evident, has already occurred in this case, and certainly is not opposed by Interface.  However, the reasons the Accused Infringers proffer for "needing" to file such a long brief do not justify additional pages and are problems of the Infringers' own making.

The Accused Infringers filed their declaratory judgment action together rather than separately by choice, notwithstanding presumably knowing that they have different interests and different views on claim construction.  There are only three claim terms that genuinely need construing, not the 33 referenced in their brief on this motion or the 20 they presumably still want construed after dropping 13 terms in an e-mail to Interface counsel yesterday, July 25.  *See* Email from Wes Achey to Steve Moore (July 25, 2006, 17:57:08), attached as Exhibit A.

Claim construction of the '656 patent is straightforward and, consistent with controlling Federal Circuit precedent, should be resolved largely on the basis of the intrinsic evidence.

The "plain import" of the language of the claims, as understood by a person of ordinary skill in the art at the time of the invention, "frames and ultimately resolves all issues of claim interpretation." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (*en banc*), *cert. denied*, 126 S. Ct. 1332 (2006); *Abtox, Inc. v. Exitron Corp.*, 122 F.3d 1019, 1023 (Fed. Cir. 1997), *amended*, 131 F.3d 1009 (Fed. Cir. 1997).

Rejecting a line of cases supportive of resort to dictionaries (which are extrinsic evidence), in the *en banc Phillips* case, the Court of Appeals for the Federal Circuit explains that if the Court is unable to determine the "plain import" of the language of the claims, the Court may turn to intrinsic evidence -- the context of the entire patent, including other claims, the specification, and the prosecution history, for guidance about how particular claim language has been defined in the patent at issue. *Phillips*, 415 F.3d at 1313-1317. The prosecution history of the patent at issue may provide further information about how the inventor defined the claim language. *Id.* at 1317.

Resorting to extrinsic evidence, that is, "all evidence external to the patent and prosecution history, including expert and inventor testimony," should be utilized only if the intrinsic evidence is insufficient to determine how the inventor defined claim language. *Id.* Indeed, the Federal Circuit has cautioned that

3

extrinsic evidence may be misleading and unreliable, given that claim construction must focus "the meaning of claim terms within the context of the patent." *Id.* at 1317-19.

The parties agree that the Court should construe:

(1)     "exhibit orthogonal ambiguity" in claims 1 and 26, and "having an orthogonally ambiguous pattern" in claim 21;

(2)     "similar intensity of color" in claim 1 and other dependent claims; and

(3)     "background color" in claim 1.

The 17 additional terms that the Accused Infringers still seem to want construed are common terms that are used in their ordinary, everyday sense that easily may be ascertained from the claims themselves. The consolidated defendants' perceived need for construction of terms such as "shapes" and "at least some" does not warrant 35 pages of briefing above what is permitted by the Local Rules. The fact that, since the Accused Infringers filed their motion to exceed the page limit, they have withdrawn their contention that 13 claim terms, including claim language such as "square," "rectangular shape," and "comprising only the background color," require construction, only further demonstrates that it is not necessary to exceed the page limit.

4

Respectfully submitted, this 26th day of July, 2006.

| | |
|---|---|
| OF COUNSEL: | s/ William H. Boice<br>WILLIAM H. BOICE<br>Georgia Bar No. 065725 |
| KEVIN C. GALLAGHER<br>Georgia Bar No. 282855<br>INTERFACE, INC.<br>Suite 2000<br>2859 Paces Ferry Rd.<br>Atlanta, Georgia  30339<br>(770) 437-6867 | STEVEN D. MOORE<br>Georgia Bar No. 520745<br>E.J. JOSWICK<br>Georgia Bar No. 142023<br>MATTHEW M. LUBOZYNSKI<br>Georgia Bar No. 140968<br>JACQUELINE R. KNAPP<br>Georgia Bar No. 425322<br>KILPATRICK STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia  30309-4530<br>Phone: (404) 815-6500<br>Fax: (404) 815-6555 |
| | ATTORNEY FOR INTERFACE, INC., INTERFACE AMERICAS, INC., and INTERFACE FLOORING SYSTEMS, INC. |

5

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, NDGa, I hereby certify that this pleading has been prepared in Times New Roman 14-Point font, one of the font and point selections approved by this Court in Local Rule 5.1B, NDGa.

This 26th day of July, 2006.

                                        s/ William H. Boice
                                        WILLIAM H. BOICE

                                        ATTORNEY FOR INTERFACE

US2000 9423096.3

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing INTERFACE'S OPPOSITION TO DECLARATORY JUDGMENT PLAINTIFFS' JOINT MOTION FOR LEAVE TO FILE A JOINT CONSOLIDATED BRIEF ON CLAIM CONSTRUCTION ISSUES PERTAINING THE '656 PATENT AND TO SET 60 PAGE LIMIT THEREFORE with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Wesley Cameron Achey | wachey@alston.com |
| Timothy G. Barber | tim.barber@wcsr.com |
| Ansel Franklin Beacham, III | fbeacham@brinson-askew.com |
| Robert Lowry Berry | carolyn@brinson-askew.com |
| Jeffrey Brickman | jbrickman@needlerosenberg.com |
| Michael Anthony Cicero | mcicero@wcsr.com |
| Luke L. Dauchot | ldauchot@Kirkland.com |
| Robin L. Gentry | rgentry@needlerosenberg.com |
| John D. Haynes | jhaynes@alston.com |
| Thad Charles Kodish | tkodish@needlerosenberg.com |
| Timothy J. Majors | tmajors@kirkland.com |
| David Michael Maxwell | dmaxwell@alston.com |
| Robin Lynn McGrath | rmcgrath@alston.com |

US2000 9423096.3

| | |
|---|---|
| Stacey Mollohan | stacey.mollohan@alston.com |
| Jennifer Brown Moore | jmoore@alston.com |
| John F. Morrow, Jr. | jmorrow@wcsr.com |
| William H. Needle | bneedle@needlerosenberg.com |
| Lawrence K. Nodine | lnodine@needlerosenberg.com |
| Frank Garrett Smith, III | fsmith@alston.com |
| Marcy Lane Sperry | msperry@wcsr.com |
| Charlena L. Thorpe | charlena.thorpe@alston.com |
| Bernard Luke Zidar | bzidar@needlerosenberg.com |

This 26th day of July, 2006.

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
Phone:   (404) 815-6500
Fax:        (404) 541-3311
bboice@kilpatrickstockton.com

s/ William H. Boice
WILLIAM H. BOICE

ATTORNEY FOR INTERFACE, INC., INTERFACE AMERICAS, INC., and INTERFACE FLOORING SYSTEMS, INC.